**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| Joo-Young Lee, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>Better Rise Capital LLC<br><br>Defendant. | Case No. 3:26-CV-3928<br><br>**JURY TRIAL DEMANDED**<br><br>**<u>CLASS ACTION COMPLAINT</u>** |

Plaintiff Joo-Young Lee ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Better Rise Capital LLC ("Defendant") and alleges as follows:

1. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA"), and Chapter 302 and 305 of the Texas Business and Commerce Code.

2. Through this action, Plaintiff seeks injunctive relief and statutory damages to put an end to Defendant's unlawful conduct which has resulted in intrusion into the peace and quiet in a realm that is private and personal to Plaintiff and members of the class.

**PARTIES**

3. Plaintiff is a natural person and received all calls at issue in this matter when he was a resident of Dallas County, Texas.

4. Defendant Better Rise Capital, LLC is a limited liability company organized under the laws of the State of California, with a principle place of business at 2525 Main St, Suite 410, Irvine California 92614. Defendant may be served via its registered agent Nima Asadi, ESQ., at 19200 Von Karman Ave, STE 600 Irvine, CA 92612.

5. Defendant is a nationwide provider and marketer of business loans, working capital, equipment financing, and commercial property funding.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims arising under the TCPA, 47 U.S.C. § 227. *See Mims v. Arrow Financial Services, LLC*, 565 U .S. 368, 372 (2012).

7. This Court has pendant jurisdiction over Plaintiff's claims under the Texas Business and Commerce Code pursuant to 28 U.S.C. § 1367 because those claims arise out of the same course of conduct as Plaintiff's TCPA claims.

8. The Court has personal jurisdiction over the Defendant because it directed its calls to Plaintiff who resides in this District. Moreover, the Court has personal jurisdiction over Defendant as Chapter 305 of the Texas Business and Commerce Code authorizes a Plaintiff to bring an action in this state for violations of said chapters. *Tex. Bus. & Com. Code § 305.053*.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff received Defendant's unlawful telephone solicitations in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## BACKGROUND

10. Congress enacted the Telephone Consumer Protection Act ("TCPA") to combat "the proliferation of intrusive, nuisance calls to consumers and businesses from telemarketers." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 399 (2021) (internal quotes omitted).

1. "The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2).

2. Within the federal government's web of indecipherable acronyms and byzantine

programs, the Do-Not Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. The TCPA prohibits the use of pre-recorded messages to make calls. See 47 U.S.C. § 227(b)(3). Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his or her own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. As used herein, "TCPA" refers to both the federal statute 47 U.S.C. § 227 *et seq*. and its implementing regulations 47 C.F.R. § 64.1200 *et seq*.

4. The TCPA establishes a "private right of action" whereby persons can seek both injunctive and monetary relief. 47 U.S.C. §§ 227(c)(5).

5. The TCPA authorizes statutory damages of $500 for each violation and permits the Court, in its discretion, to increase the award to as much as $1,500 for each willful or knowing violation. 47 U.S.C. § 227(c)(5).

6. Telemarketing is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to a person." 47 C.F.R. § 64.1200(f)(13). The term "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services[.]" 47 C.F.R. § 64.1200(f)(15).

7. The term "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property,

goods, or services[.]" 47 C.F.R. § 64.1200(f)(15).

8. The TCPA prohibits the use of artificial or prerecorded voices when calling cellular telephone numbers. 47 U.S.C. § 227(b)(1)(A)(iii).

11. The TCPA prohibits the use of artificial or prerecorded voices when calling residential telephone numbers. 47 U.S.C. § 227(b)(1)(B).

12. According to the findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

13. "Non-emergency prerecorded voice or autodialed calls to [the destinations enumerated in 47 U.S.C. § 227(b)(1)(A)] are permissible only with the prior express consent of the called party." This includes calls made using artificial or prerecorded voices pitching services. See FCC Enforcement Advisory: Tel. Consumer Prot. Act Robocall & Text Rules - Biennial Reminder for Pol. Campaigns About Robocall & Text Abuse, 31 FCC Rcd. 1940, 1941 n.6 (2016).

***The Texas Telephone Solicitations Act***

14. The Texas Legislature enacted the Texas Telephone Solicitation Act, Tex. Bus. & Com. Code § 305.001 et seq. (the "Texas Act"), to protect Texas residents from intrusive and unwanted telemarketing communications.

15. Like its federal counterpart, the Texas Act was enacted to safeguard the privacy rights of individuals and to prevent the nuisance, invasion of privacy, and disruption caused by unsolicited telemarketing communications.

16. The Texas Act prohibits a person from making a telephone solicitation if the person

making the call knows or should have known that the called number is a mobile telephone for which the called person will be charged for that specific call; and the called person has not consented to the making of such a call to the person call. Tex. Bus. & Come § 305.001.

17. The Texas Act provides a private right of action to any person who receives a telephone solicitation in violation of the statute. *Id*. At. § 305.053.

18. A prevailing plaintiff may recover statutory damages of $500 for each violation.

19. If the trier of fact finds that the defendant knowingly or intentionally violated the Texas Act, the court may award additional damages by statute.

20. The Texas Act also authorizes injunctive relief to prevent further unlawful telephone solicitations.

***Section 302 of the Texas Business and Commerce Code***

21. Chapter 302.101 of the Texas Business and Commerce Code states that a seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made. Tex. Bus. & Com. Code § 302.101.

22. It defines a telephone solicitation as a call or other transmission…initiated by a seller or salesperson to induce a person to purchase, rent, claim, or receive an item. *Id*. At. 302.001 7.

23. A salesperson is defined as a person who is employed or authorized by a seller to make a telephone solicitation. *Id*. At. 4

24. A seller is defined as a person who makes a telephone solicitation on the person's own behalf. *Id.* At. 5.

25. A person who violates this chapter is subject to a civil penalty of not more than

$5,000 for each violation. *Id*. At. 303.302(a).

26. The party bring the action is also entitled to recover all reasonable costs of prosecuting the action including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees. *Id*. At. (d).

27. A violation of this chapter is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17. *Id*. At. 302.303(a).

**FACTUAL ALLEGATIONS**

28. Plaintiff is an individual and a "person" under the meaning of 47 U.S.C. § 153.

29. Plaintiff is a purchaser under the meaning of Section 302.001 of the Texas Business and Commerce Code Chapter 302.001.

30. Plaintiff's cellular telephone number is (614) 599-XXXX (the "telephone number").

31. Plaintiff has owned this telephone number for over a decade.

32. Plaintiff has never used this telephone number for business.

33. Plaintiff has never held this telephone number out to the public as a business line.

34. To avoid unsolicited telemarketing calls or texts, Plaintiff registered the telephone number on the National Do-Not-Call Registry in 2012.

35. Plaintiff uses the telephone number for personal, residential, and household purposes (such as calling friends, family, and scheduling personal appointments).

36. During this time period, Plaintiff has been the sole remunerator (i.e., payer) for any bills arising from his telephone number.

37. Plaintiff has never received a reimbursement from any business for his telephone number.

38. Plaintiff has never taken a business-related-tax-deduction for his telephone number.

39. Defendant engages in prerecorded voice message calls without consent.

21. Plaintiff never provided Defendant with express written consent authorizing Defendant to transmit prerecorded voice messages to Plaintiff's cellular telephone number.

22. Plaintiff has never provided Defendant with any consent authorizing Defendant to transmit prerecorded voice messages to Plaintiff's cellular telephone number.

23. At no time relevant did Plaintiff have a business relationship with Defendant.

24. Defendant harassed Plaintiff with prerecorded calls.

25. On October 19, 2026, Plaintiff received a call from an unknown number.

26. The telephone number calling Plaintiff was: (431) 500-0912.

27. Plaintiff did not recognize the number.

28. Plaintiff answered the call.

29. When Plaintiff answered the call a pre-recorded message began playing.

30. At some point in time the message stated "Press 2 if you want to talk to a representative".

31. The message was clearly pre-recorded as they it simply went on without stopping or taking input.

32. The voice sounded artificial in tone and speech pattern, especially when compared to the live voice of the live agent.

33. The message did not identify Defendant.

34. Plaintiff had received several similar calls prior to this that were identical i.e., Plaintiff would answer an unrecognized number that would proceed to play a pre-recorded message asking him to "press 2 to connect".

35. Upon information and belief, Defendant maintains and/or has access to outbound transmission reports for all calls sent.

36. Plaintiff reasonably believes that additional calls to his telephone number will be identified in the course of discovery.

37. At which point, Plaintiff would ask leave to amend this Complaint to include additional causes of action.

38. Because Defendant has access or custody of their call logs, Plaintiff will be able to identify additional calls made by Defendant to Plaintiff.

39. Plaintiff was upset and frustrated at the continued invasion of his privacy.

40. Plaintiff thus pressed “2” in order to identify the source of the call.

41. Plaintiff was connected with a foreign sounding solicitor who asked Plaintiff pre-determined qualifying questions established by the Defendant.

42. This agent asked Plaintiff a series of questions such as “how big of loan” does Plaintiff need.

43. Plaintiff feigned interest and proceeded with the call.

44. While on the call, Plaintiff was live transferred to an American “agent”.

45. The American “agent” is one of Defendant’s employees.

46. Defendant’s employee is able to bind Defendant to contracts with consumers such as Plaintiff.

47. Defendant’s employee discussed Defendant’s services and that Defendant could assist Plaintiff.

48. The agent took Plaintiff’s personal email address in order to email him an application.

49. Plaintiff received an application link from Defendant.

50. The email sent to Plaintiff is attached below:




51. The email contained Defendant's logo and business name.

52. Defendant's agent additionally followed up via text message to Plaintiff's telephone number.

53. Defendant's agent or employee stated "Hi, Jerry here from Better Rise Capital. Just emailed your application to (Plaintiff's personal email) -it takes about 2 minutes. Text me right here if anything's unclear. Reply STOP to opt out.".

54. Defendant's agent or employee then texted "I just sent the email to your inbox. If you have any questions, feel free to text or call me directly at 949-288-8084. – Jerry Better Rise Capital".

55. Prior to this call, Plaintiff had never even heard of a company called Better Rise Capital.

56. Plaintiff has never applied for a business loan.

57. Plaintiff has never provided his telephone number to any one in an effort to secure a business loan.

58. When Plaintiff clicked the hyperlink contained in the application link sent, Plaintiff was taken to Defendant's website or a subdomain owned and operated by Defendant.

59. Defendant owns, maintains, and operates the betterrisecapital.com website domain.

60. When Plaintiff clicked the hyperlink, he was taken to an application portal connected to Defendant's betterrisecapital.com website.

61. Plaintiff's last name, telephone number, and telephone number were pre-filled.

62. The transmission of the application link demonstrates that the purpose of the call was to market and sell Defendant's loan services to Plaintiff.

63. Plaintiff had no prior business relationship with Defendant before receiving the calls and had never requested information regarding Defendant's services.

64. Defendant used an artificial or prerecorded voice in connection with the calls.

65. Plaintiff suffered actual harm as a result Defendant's subject calls, in connection with which it used an artificial or prerecorded voice messages, in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

66. Plaintiff found the artificial or prerecorded voice messages and Defendant's call to be irritating and invasive.

67. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

## CLASS ACTION ALLEGATIONS

68. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

69. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

> **Robocall Class:** All persons throughout the United States (1) to whom Defendant placed a call, (2) directed to a number assigned to a cellular telephone service, but did not provide their phone number to the Defendant and do not have an account with the Defendant, (3) in connection with which Defendant used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification.
>
> **Texas 305 Class:** All persons residing in Texas whose (1) to whom Defendant placed a call (2) who did not provide their phone number to Defendant and do not have an account with Defendant, (3) in connection with which Defendant used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification.

> **Texas 302 Class:** All individuals residing in Texas whose (1) to whom Defendant placed a call (3) who did not provide their phone number to Defendant and do not have an account with Defendant, (3) from four years prior to the filing of this case through the date of class certification.

68. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

69. The exact number of the members of the Class are unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

70. The members of the Class and Subclass are ascertainable because they are defined by reference to objective criteria.

71. In addition, the members of the Class and Subclass are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

72. Plaintiff's claims are typical of the claims of the members of the Class.

73. Plaintiff's claims are based on the same theories as the claims of the members of the Class and Sub Class.

74. Plaintiff suffered the same injuries as the members of the Class and Sub Class.

75. Plaintiff will fairly and adequately protect the interests of the members of the Class and Sub Class.

76. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the Class and Sub Class.

77. Plaintiff will vigorously pursue the claims of the members of the Class and Sub Class.

78. Plaintiff has retained counsel experienced and competent in class action litigation.

79. Plaintiff's counsel will vigorously pursue this matter.

80. Plaintiff's counsel will assert, protect, and otherwise represent the members of the Class and Subclass.

81. The questions of law and fact common to the members of the Class predominate over questions that may affect individual members of the Class.

82. Issues of law and fact common to all members of the Class are:

a. Whether Defendant initiated or caused the Subject Calls;

b. Whether the Subject Calls constituted telephone solicitations;

c. Whether Defendant sent materially similar solicitations as part of a common marketing campaign;

d. Whether any exemption from Chapter 302 applies;

e. Whether Defendant originated communications violating the TCPA or its implementing regulations within the meaning of Tex. Bus. & Com. Code § 302, and 305.053; and

f. Whether Defendant's conduct was willful, knowing, or intentional.

83. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

84. If brought and prosecuted individually, the claims of the members of the Class and require proof of the same material and substantive facts.

85. The pursuit of separate actions by individual members of the Class would, as a practical matter, be dispositive of the interests of other members of the Class, and could substantially impair or impede their ability to protect their interests.

86. The pursuit of separate actions by individual members of the Class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

87. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the Class.

88. The damages suffered by individual members of the Class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the Class to redress the wrongs done to them.

89. The pursuit of Plaintiff's claims, and the claims of the members of the Class in one forum will achieve efficiency and promote judicial economy.

90. There will be little difficulty in the management of this action as a class action.

91. Defendant has acted or refused to act on grounds generally applicable to the members of the Class making final declaratory or injunctive relief appropriate.

**COUNT I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**
**(On Behalf of Plaintiff and the Robocall Class)**

70. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-91.

71. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class, without consent.

72. Defendant willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) in that it willfully and knowingly used an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, and the cellular telephone numbers of the members of the class, without consent.

73. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and members of the class and subclass are entitled to damages in an amount to be proven at trial.

**COUNT II**
**Violation of Tex. Bus. & Com. Code § 305.001 et seq**
**(On Behalf of Plaintiff and the Texas 305 Class)**

74. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-73.

75. The Texas Act prohibits a person from making a telephone solicitation to a person who the person making the call knows or should have known that the called number is a mobile telephone for which the called person will be charged for that specific call; and the called person has not consented to the making of such a call to the person calling… Tex. Bus. & Com. Code § 305.053.

76. The Texas Act defines "telephone solicitation" as a telephone call or message that is initiated for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. *Id*. At. § 305.001.

77. Plaintiff and members of the class, were at all times relevant residents of the State of Texas upon receipt of Defendant's telephone solicitations.

78. Defendant knew or should have known that Defendant was making telephone solicitations to mobile telephone users who were paying or being charged for the calls.

79. Plaintiff and members of the class, at all times relevant, were paying for their cellular telephone service.

80. Plaintiff and members of the class did not consent to Defendant soliciting them.

81. The Texas Act provides a private right of action for a person who receives a communication in violation of the statute.

82. Moreover, a person who receives a communication that violates 47 U.S.C § 227, a regulation adopted under that provision, or Subchapter A may bring an action in this State against the person who originates the communication for an injunction and damages. Tex. Bus. & Com. Code § 305.053(a).

83. As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the this state chapter, Plaintiff and members of the subclass are entitled to an award of up to $500 in damages for each and every call sent and up to $1,500 in damages if the violations are found to have been knowingly or intentionally done.

**COUNT II**
**Violation of Tex. Bus. & Com. Code § 302.101**
**(On Behalf of Plaintiff and the 302 Class)**

84. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-83.

85. Defendant does not qualify under an exemption under Texas Business and Commerce Code § 302.101.

86. The https://direct.sos.state.tx.us/telephone/telephonesearch.asp site ("Texas Registration Database:) does not contain Defendant's registration.

87. Defendant's information does not populate when a search under Defendant's name is done.

88. At all times relevant, Plaintiff and members of the class were residents of the State of Texas when Plaintiff and members of the class received the unwanted solicitation calls from Defendant.

89. At all times relevant, Plaintiff and members of the class did not provide their consent to be solicited by Defendant.

90. At all times relevant, no emergency necessitated Defendant soliciting Plaintiff and members of the class with pre-recorded messages.

91. A violation of chapter 302 of the Texas Business and Commerce Code is considered a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17. Tex. Bus. & Com. Code § 302.303.

92. The fact that a claimant has recovered under a private action arising from a violation of this chapter more than once may not limit recovery in a future legal proceeding in any manner. *Id*. At. 302.003(b).

93. As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of Chapter 302 of the Texas Business and Commerce Code, Plaintiff and members of the class are entitled to an award of up to $5,000 in damages for each and every call sent and an award of all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, individually and on behalf of the proposed classes, respectfully requests that the Court enter judgment against Defendant for:

A. Certification of the Robocall Class as alleged herein;

B. Certification of the Texas 305 class as alleged herein;

C. Certification of the Texas 302 class as alleged herein;

D. Appointment of Plaintiff as representative of the Classes;

E. Appointment of the undersigned as counsel for the Classes;

F. Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

G. Injunctive relief prohibiting Defendant from sending calls soliciting the purchase of its goods or services, except for emergency purposes, with pre-recorded solicitations absent their express written consent;

H. That the Court enter a judgment awarding Plaintiff and members of the Robocall Class statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing and willful violation;

I. That the Court enter a judgment awarding Plaintiff and members of the Texas 305 class statutory damages of $500 for each violation of the Texas Business & Commerce Code §305 and $1,500 for each knowing and willful violation;

J. That the Court enter a judgment awarding Plaintiff and members of the Texas 302 class statutory damages of $5,000.00 for each violation of the Texas Business & Commerce Code §302 and an award of all reasonable costs prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

K. An order declaring that Defendant's actions, as set out above, violate the TCPA;

L. An order declaring that Defendant's action, as set out above, violate the Texas Business & Commerce Code;

M. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

N. Such other or further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATE this November 9, 2026.

/s/Omar F. Darwich
The Darwich Law Firm, LLC
Omar F. Darwich
Tx Bar No. 24124686
6951 Virginia Parkway, Suite 104
McKinney, TX 75071
(469) 960-6069
omar@darwichlegal.com
ATTORNEY FOR PLAINTIFF